[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven. Date of Sentence: April 18, 1995; Date of Application: April 18, 1995; Date Application Filed: April 18, 1995; Date of Decision: January 26, 1999
James B. Shanley, Esq., Defense Counsel, for Petitioner.
Robert Brennan, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
Following a trial by jury, the then 54 year old petitioner was convicted of Larceny, 1st degree in violation of Connecticut General Statutes § 53a-122(a)(2). He was sentenced to a term of 20 years which is the maximum sentence for the crime. On the date of sentencing he also pleaded guilty to a charge of Failure to Appear, 1st degree in violation of Connecticut General Statutes § 53a-172 in the same file. On that count he was sentenced, in accordance with an agreed recommendation to a term of 5 years concurrent with the larceny sentence. The petitioner had failed to appear on the original sentencing date (April 13, 1995). He did turn himself in on April 17, 1995 and was sentenced the following day.
The petitioner, who was the Diocesan Bishop for the Anglican Catholic Orthodox Church, defrauded his victim by setting up an "investment" scheme, which in essence involved the projected purchase of certain valuable stamps and a supposed later resale for profit.
In fact, Walzer did not have to buy the stamps as they were already in his possession and the end result was that Walzer kept the money advanced. The victim lost some $27500 through the fraudulent scheme.
The petitioner also had larceny charges pending in Bridgeport arising out of a scheme to purchase paintings for resale at a profit. In that case he obtained $10000 by his fraud. On June 30, 1995, he pleaded guilty to that charge and was sentenced to a 10 year concurrent term. That sentence is also the subject of a sentence review application.
He also, subsequently to this case, pleaded guilty in the Hartford J.D., to a charge of larceny, 1st degree and was sentenced, apparently with a plea agreement, to a concurrent term of 19 years. (The petitioner did not apply for sentence review in the Hartford case).
The petitioner claims his sentence is disproportionate and has supplied the Division with a list of what he purports to be sample sentences from similar crimes, where the defendants received lesser sentences.
Some are from other jurisdictions, and there is no way for CT Page 2409 the Division to compare the facts and circumstances or other considerations that were involved in those sentences even assuming their accuracy and credibility of the compiler. Also, the list is presumably not exhaustive. In short it is not persuasive in establishing the individualized sentence here was disproportionate.
The petitioner has a larcenous history going back to 1972 when he was convicted of Grand Larceny II in Hawthorne, New York. In 1973 he was convicted of transporting forged securities and sentenced to 6 months, suspended after 30 days with probation for 2 years.
Although there were multiple fraud or larceny charges between 1975 and 1983 where the dispositions are unknown, in 1983 he was convicted in Bridgeport of larceny, 1st degree and sentenced to a prison term of 6 years.
To exacerbate the circumstances of the present crimes, the petitioner abused his position as a clergyman, a position where honesty could reasonably be expected, to defraud his victims and he abused his clerical collar. He has shown himself to be scheming and calculating over many years.
Even before this Division the petitioner claims this case is a civil matter where he merely defaulted on promissory notes. (His appeal was denied in a per curiam decision. State v. Walzer,47 Conn. App. 919 (1997).
The sentencing court cogently set forth the considerations and reasons for imposing a particular sentence, which included general deterrence, individual deterrence to give this already recidivistic defendant pause before committing future crimes, to express society's condemnation of anti-social behavior, and appropriate rehabilitative considerations.
In this case there appears to be little reason for optimism as to rehabilitation given the years long pattern of deceit and taking advantage of others. As the court indicated this petitioner has a serious propensity toward criminal activity.
Protection of the public interest is also a necessary component in determining the appropriateness of a sentence.
The Division can modify a sentence if it is inappropriate or CT Page 2410 disproportionate pursuant to Section 43-28 of the Practice Book.
Having reviewed this sentence as provided by the Practice Book we find the sentence to be neither inappropriate nor disproportionate and affirm it.
Klaczak, Miano and O'Keefe, J.s, participated in this decision.